UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:1:14-cv-23615

GREGORY K. ZUK,
an individual

    Plaintiff,

vs.

MIAMI-DADE COUNTY;
MIAMI-DADE COUNTY POLICE
DEPARTMENT; JANET LEWIS, in her capacity
as Senior Bureau Commander of
Miami-Dade Police Department Legal
Bureau; and STEPHANIE STOILOFF
in her capacity as Senior Bureau Commander
of Miami-Dade Police Department.

**JURY DEMAND
ON ALL CLAIMS**

    Defendant(s),

_____/

## COMPLAINT

**NOW COMES** Plaintiff, GREGORY K. ZUK ("Plaintiff") by and through his undersigned counsel and for his Complaint against MIAMI-DADE COUNTY ("Miami-Dade"), MIAMI-DADE POLICE DEPARTMENT ("PD") ("Miami-Dade" and "PD" hereinafter collectively "Defendants"), JANET LEWIS ("Lewis"), and STEPHANIE STOILOFF, ("Stoiloff") hereby states as follows:

## NATURE OF THE ACTION

1. This action is brought by Plaintiff against Defendants, under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., 42 U.S.C. § 12117(a), which incorporates by reference the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, through 42 U.S.C. 5 2000e-5 and the Florida Civil Rights Act, Florida Statutes Chapter 760 *et seq.* ("FCA") and against Lewis and Stoiloff under the FCA.

2. Plaintiff alleges that Defendants violated the ADA and the FCA and that Lewis and Stoiloff violated the FCA by:

      a)      Discriminating against Plaintiff when it transferred and reassigned the employment of Plaintiff rather than accommodating him;

      b)      Failing to provide reasonable accommodations to Plaintiff.

      c)      Discriminating against Plaintiff due to his disability or because Defendant regarded him as disabled by transferring, and reassigning him from a job he was qualified for and able to perform with or without accommodation(s);

      d)      Coercing, intimidating, threatening, and interfering with Plaintiff's employment and retaliating against Plaintiff because he exercised or enjoyed his rights granted or protected by the ADA and the FCA;

      e)      Unlawfully harassing Plaintiff where: 1) offensive conduct had become a condition of continued employment, or 2) the conduct is severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

## JURISDICTION AND VENUE

3. This action is authorized and instituted pursuant the Americans with Disabilities, and Act of 1990, 42 U.S.C § 12101, *et seq.*, 42 U.S.C. § 12117(a), which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 5 2000e-5, and the Florida Civil Rights Act Florida Statutes Chapter 760 *et seq.,*

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1343, and 1367.

5. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events that gave rise to this Complaint occurred in this district.

6. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117(a).

## PARTIES

7. Plaintiff is an individual and resides in Miami-Dade County, State of Florida, which is in this judicial district.

8. Plaintiff is an employee with a disability within the meaning of 42 U.S.C. § 12102 and 29 C.F.R. § 1630.2 and Florida Statute 760.02.

9. Plaintiff has Attention Deficit Hyperactivity Disorder as well as a learning disability, and is substantially limited in, at minimum, the major life activities of thinking, learning, and concentrating.

10. Plaintiff is protected from disability discrimination by the ADA and FCA, because he has a disability and/or has a history or record of having a disability.

11. Defendants are persons within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e (a) and Florida Statute 760.02.

12. Defendants are employers within the meaning of 42 U.S.C. §§ 12111(5) and 2000e (b), both are covered entities within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2, and Florida Statute 760.02.

13. Lewis and Stoiloff are persons and employers within the meaning of Florida Statute 760.02 as they are agents of Defendants.

**GENERAL ALLEGATIONS**

14. On May 2, 2011, Plaintiff filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendants discriminated against him in violation of the ADA.

15. Pursuant to 42 U.S.C. § 2000e-5, incorporated by reference in 42 U.S.C. § 12117(a), the EEOC investigated the charge.

16. On July 1, 2014, the EEOC issued Plaintiff a Right to Sue letter. Plaintiff received said Right to Sue letter on July 3, 2014.

17. All conditions precedent to the institution of this lawsuit have been performed.

18. Plaintiff is a decorated police officer who has been employed by Defendants since March 23, 1982.

19. Plaintiff has consistently received the highest rating on his yearly performance evaluations that an employee of Defendants can receive, to wit: "Outstanding".

20. From 2002-2004, Plaintiff attended law school and also worked as a police officer in PD's Narcotics Bureau ("Narcotics Bureau").

21. In 2004, Plaintiff was assigned to PD's Legal Bureau ("Legal Bureau") as a liaison between the Narcotics Bureau and the Legal Bureau Forfeiture Section ("Forfeiture Section").

22. In this capacity, Plaintiff had a dual role/classification, to wit: Legal Intern and squad Sergeant.

23. In December 2005, Plaintiff was awarded a Juris Doctorate degree, and in 2006, Plaintiff twice took and failed the Florida Bar exam.

24.     In 2006, Plaintiff advised Defendants that he suffers from a disability within the meaning of the ADA and the FCA and is substantially limited in, at minimum, the major life activities of thinking, learning, and concentrating and requested reasonable accommodations in accordance with the ADA and the FCA.

25.     Plaintiff provided Defendants a physician's written diagnosis of Plaintiff's disability, and Defendants granted Plaintiff reasonable accommodations.

26.     In late 2006, Lewis, a member of the Legal Bureau's supervisory staff, expressed to others that Plaintiff was an "embarrassment" to the Legal Bureau.

27.     In 2006, Lewis was advised by Defendants that Plaintiff was a member of a legally protected class, that Plaintiff had a disability within the meaning of the ADA, and that Plaintiff was entitled to and was receiving reasonable accommodations in his attempt to pass the Florida Bar exam in accordance with ADA guidelines.

28.     Lewis then stated to others, that if she were in charge of the Legal Bureau, she would dismiss Plaintiff from the Legal Bureau despite his disability and protected status.

29.     At all material times herein, Lewis campaigned for Plaintiff's removal from the Legal Bureau due to his disability.

30.     In 2007, Plaintiff passed the Florida Bar exam (on the fourth attempt), was re-assigned to the position of Lawyer in the Forfeiture Section, and was placed in the classification of Police Legal Advisor 1 ("PLA1").

31.     Upon information and belief, the primary job duty of a PLA1 lawyer is practicing law which requires special education, skill, and licensing.

32.     At all material times, Plaintiff's work performance as a PLA1 was well-regarded by his supervisors, and Plaintiff received "Outstanding" evaluations in his capacity as a PLA1.

33.     Plaintiff was able and qualified to perform the duties of a PLA1 either with or without accommodations within the meaning of the ADA and FCA.

34.     In September 2009, Plaintiff was temporarily assigned to Miami-Dade Fire Rescue ("Fire Rescue") in the position of Lawyer.

35.     On or about May 2010, Lewis was appointed to the position of "Senior Bureau Commander of the Legal Bureau".

36.     Upon Lewis' appointment, Lewis telephoned Plaintiff and coerced him to "make a permanent lateral transfer" to Fire Rescue.

37. Plaintiff advised Lewis that he was not interested in a permanent, lateral transfer to Fire Rescue advising that such a transfer would nullify his seniority in Civil Service with PD as well as his time as a class PLA1 and further advised that he wanted to return to the Legal Bureau when his temporary assignment with Fire Rescue ended.

38. On or about March 3, 2011, Defendants, by and through Lewis, and without prior notice to Plaintiff, expelled Plaintiff without cause from the Legal Bureau and reassigned Plaintiff to PD's Communications Bureau ("Communications Bureau").

39. Upon information and belief, the primary job duty of an employee in the Communications Bureau is answering phones.

40. Upon information and belief, a transfer to the Communications Bureau is considered within PD to be a punitive assignment.

41. Plaintiff requested that he not be assigned to the Communications Bureau and requested to be reassigned to the position of PLA1 in the Legal Bureau.

42. Plaintiff advised Lewis that he was in a protected class and that the job of PLA1 in the Legal Bureau was a job he was able perform and was qualified to do with or without accommodation within the meaning of the ADA and FCA.

43. Plaintiff advised Lewis that he was going to exercise his legal rights as protected by the ADA and FCA.

44. Lewis became angry and stated, "with that attitude you will never be in the Legal Bureau" and further threatened to assign Plaintiff to one of Defendant's District Stations in violation of 42 U.S.C. § 12203(b) and Florida Statute 760.10.

45. Plaintiff advised Lewis that he did not want to go to the Communications Bureau or any other District Station, and that it was his desire to return to and remain with the Legal Bureau.

46. At all material times hereto, Plaintiff was qualified for the position of PLA1 in the Legal Bureau.

47. At all material times, Plaintiff was capable of returning to work with the Legal Bureau.

48. At all material times, Plaintiff was an employee in good standing with Defendant.

49. At the time of Plaintiff's transfer and reassignment, there were employees in the Legal Bureau who were junior to Plaintiff in seniority.

5

*Gregory K. Zuk v. Miami-Dade County, et al.   Complaint*

50. Upon information and belief, Lewis stated to others that Plaintiff was being re-assigned to the Communications Bureau, because Plaintiff "was not fit for field duty" due to his disability.

51. Upon information and belief, Lewis falsely stated to others that Plaintiff told her that he (Plaintiff) was unable to work in a District Station because of his disability.

52. Upon information and belief, James K. Loftus, the Director of PD at the time, stated to others that Plaintiff's assignment to the Communications Bureau was not "necessarily forever", that Plaintiff wasn't "street worthy", and that Plaintiff "needed to prove himself" if he wanted to return to the Legal Bureau.

53. Defendants and Lewis and treated Plaintiff as though his ADA status made him incapable of working in the position of Lawyer and that due to his disability he was only capable of and qualified to answer phones in the Communication Bureau.

54. Defendants and Lewis failed to consider Plaintiff for assignment to the Legal Bureau because he has a disability and/or has a history or record of having a disability.

55. Defendants and Lewis punished Plaintiff because of his disability and/or his history or record of having a disability and because of his exercise and enjoyment of his rights under the ADA and FCA.

56. Plaintiff attempted to engage Defendants and Lewis in an interactive process in an effort to obtain reasonable accommodations for his disability in an attempt to be reassigned to the position of PLA1 and return to the Legal Bureau.

57. Defendants and Lewis failed to engage or failed to engage in good faith in an interactive process in violation of the ADA and FCA.

58. Defendants and Lewis failed to consider Plaintiff for any reasonable accommodation that would have returned him to work at the Legal Bureau, including, but not limited to, reassignment to a position for which he was qualified.

59. In addition, Plaintiff formally requested that Defendants provide reasonable accommodation(s) in accordance with the ADA and FCA so that he could perform his job duties in the Communications Bureau.

60. Defendants did not provide Plaintiff reasonable accommodations such as providing a quiet, stress free environment, more time to perform his duties, and other accommodations in accordance with the ADA and FCA after he was transferred to the Communications Bureau.

6

*Gregory K. Zuk v. Miami-Dade County, et al.   Complaint*

61. Plaintiff attempted to engage Defendants in an interactive process in an effort to obtain reasonable accommodations for his disability after he was transferred to the Communications Bureau.

62. Defendants failed to participate or unreasonably delayed participation in an interactive process and, therefore, refused Plaintiff's requests for reasonable accommodations so that he could perform his job duties in the Communications Bureau.

63. On May 12, 2011, Plaintiff took sick leave from the Communications Bureau.

64. On July 27, 2011, Plaintiff was transferred and reassigned to PD's Property room ("Property Room").

65. Upon information and belief, a transfer to the Property Room is considered within PD to be a punitive assignment.

66. Sloiloff is Plaintiff's supervisor in his assignment in the Property Room.

67. Defendants, Stoiloff, and other employees harassed Plaintiff and subjected him to offensive conduct including, but is not limited to, slurs, epithets or name calling, physical threats, threats, intimidation, ridicule or mockery, insults or put-downs, and interference with work performance.

## CAUSES OF ACTION

## COUNT I - TITLE I OF THE AMERICANS WITH DISABILITIES ACT

68. The allegations of paragraphs 1-67 are hereby re-alleged and incorporated herein by reference.

69. Plaintiff is protected from disability discrimination by the ADA, because he has a disability and/or has a history or record of having a disability.

70. Defendants' treatment of Plaintiff constitutes unlawful discrimination. Plaintiff's disability and/or history or record of having a disability was a motivating factor in the Defendants' discrimination, including but not limited to, the following:

a) Refusing to accommodate his known disabilities where such an accommodation was available and did not pose an undue hardship on Defendants; using qualification standards and/or or other selection criteria that are not consistent with business necessity and that screened out Plaintiff from the position of PLA1; transferring, and reassigning Plaintiff who was an otherwise qualified employee; and expelling and barring Plaintiff from re-assignment with PD's Legal Bureau. Defendants' conduct constitutes discrimination on the basis of disability in violation of Title I of ADA, 42 U.S.C. § 12111, *et seq.*, and its implementing regulation, 29 C.F.R. Part 1630;

7

*Gregory K. Zuk v. Miami-Dade County, et al.   Complaint*

  b) Retaliating against, coercing, intimidating, and threatening Plaintiff in the exercise or enjoyment of his rights under the ADA in violation of Title I of the ADA, 42 U.S.C. §§ 12203(a) and §§ 12203(b) and its implementing regulation, 29 C.F.R. Part 1630;

  c) Failing to engage Plaintiff in an interactive process in an effort to obtain reasonable accommodations for Plaintiff's disability in violation of Title I of ADA, 42 U.S.C. § 12111, *et seq.*, and its implementing regulation, 29 C.F.R. Part 1630.

  d) Subjecting Plaintiff to offensive conduct including but not limited to, slurs, epithets or name calling, physical threats, threats, intimidation, ridicule or mockery, insults or put-downs, and interference with work performance in violation of 42 U.S.C 12112 *et seq.*

71. The unlawful employment practices complained of herein were intentional.

72. The unlawful employment practices complained of herein were willful and/or undertaken with malice or with disregard to the federally protected rights of Plaintiff.

73. Defendants' conduct created an unlawful work environment that is intimidating, hostile, or offensive to a reasonable person.

74. Defendants are automatically liable for the acts of its supervisors.

75. Defendants are liable for the acts of its non-supervisory employees or non-employees over whom it has control because it knew, or should have known about the harassment and failed to take prompt and appropriate corrective action.

76. Defendants offered no preventive or corrective opportunities for Plaintiff to take advantage of to stop the harassment.

77. The effect of the practices complained of herein has been to deny Plaintiff equal employment opportunities and otherwise adversely affect his status as employee because of his disabilities.

78. As a proximate result of the Defendants' actions as set forth above, Plaintiff has suffered damages and will, in the future, suffer emotional distress, mental anguish, pain and suffering, inconvenience, humiliation, loss of the enjoyment of life, medical expenses, and the loss of wages and benefits.

### COUNT II – VIOLATION FLORIDA CIVIL RIGHTS STATUTE 760.10

79. The allegations of paragraphs 1-67 are hereby re-alleged and incorporated herein by reference.

80. Plaintiff is protected from disability discrimination by the FCA, because he has a disability and/or has a history or record of having a disability.

81. Defendants', Lewis', and Stoiloff's treatment of Plaintiff constitutes unlawful discrimination. Plaintiff's disability and/or history or record of having a disability was a motivating factor in the discrimination, including but not limited to, the following:

   a) Refusing to accommodate his known disabilities where such an accommodation was available and did not pose an undue hardship on Defendants, Lewis, and Stoiloff; using qualification standards and/or or other selection criteria that are not consistent with business necessity and that screened out Plaintiff from the position of PLA1; transferring and reassigning Plaintiff who was an otherwise qualified employee; and expelling and barring Plaintiff from re-assignment with PD's Legal Bureau. This conduct constitutes discrimination on the basis of disability in violation of the FCA;

   b) Retaliating against, coercing, intimidating, and threatening Plaintiff in the exercise or enjoyment of his rights under the FCA;

   c) Failing to engage Plaintiff in an interactive process in an effort to obtain reasonable accommodations for Plaintiff's disability in violation of the FCA; and

   d) Subjecting Plaintiff to offensive conduct including but not limited to, slurs, epithets or name calling, physical threats, threats, intimidation, ridicule or mockery, insults or put-downs, and interference with work performance.

82. The unlawful employment practices complained of herein were intentional.

83. The unlawful employment practices complained of herein were willful and/or undertaken with malice or with disregard to the State of Florida's protected rights of Plaintiff

84. Defendants', Lewis', and Stoiloff's conduct created an unlawful work environment that is intimidating, hostile, or offensive to a reasonable person.

85. Defendants are automatically liable for the acts of its supervisors.

86. Defendants, Lewis, and Stoiloff are liable for the acts of their non-supervisory employees or non-employees over whom they have control because they knew, or should have known about the harassment and failed to take prompt and appropriate corrective action.

87. Defendants and Stoiloff offered no preventive or corrective opportunities for Plaintiff to take advantage of to stop the harassment.

88. The effect of the practices complained of herein has been to deny Plaintiff equal employment opportunities and otherwise adversely affect his status as employee because of his disabilities.

89. As a proximate result of the actions as set forth above, Plaintiff has suffered damages and will, in the future, suffer emotional distress, mental anguish, pain and suffering,

inconvenience, humiliation, loss of the enjoyment of life, medical expenses, and the loss of wages and benefits.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

(a) Grant judgment in favor of Plaintiff and declare that Defendants have violated Title I of the ADA, 42 U.S.C. § 12111 *et seq.*, and its accompanying regulation;

(b) Grant judgment in favor of Plaintiff and declare that Defendants, Lewis, and Stoiloff have violated Florida Statute 760 *et seq.*;

(c) Find as matter of law that just and substantial cause for Lewis and Stoiloff to be discharged in accordance with Florida Statute 760.11(15).

(d) Enjoin Defendants and its agents, employees, successors and all persons in active concert or participation with it, from engaging in discriminatory employment policies and practices against applicants and employees based on disability;

(e) Require Defendants to modify its policies, practices, and procedures as necessary to bring its employment practices into compliance with Title I of the ADA and its accompanying regulation and the FCA;

(f) Order Defendants to train its supervisors, employees, and human resource staff regarding the requirements of the ADA and the FCA;

(g) Enjoin Defendants, Lewis, and Stoiloff from failing or refusing to take other appropriate measures to overcome the effects of its discriminatory policies and practices;

(h) Award Plaintiff:

(i) an immediate offer of reassignment to the position of lawyer with the Legal Bureau with the rank of PLA1;

(ii) order Defendants, Lewis, and Stoiloff to make Plaintiff whole by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

(iii). order Defendants, Lewis, and Stoiloff to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from its unlawful employment practices;

(iv) order Defendants, Lewis, and Stoiloff to make Plaintiff whole by providing compensation for non-pecuniary losses resulting from its unlawful practices

complained including, but not limited to, emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, humiliation, and for injuries suffered as a result of their failure to comply with the requirements of Title I of the ADA pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a and the FCA.

(v). order Lewis and Stoiloff to pay Plaintiff punitive damages for their malicious and reckless conduct in an amount to be determined at trial.

(vi). grant such further relief as the Court deems necessary and proper in the public interest; and

(vii). award the Plaintiff his reasonable attorney's fees and costs of this action.

### JURY DEMAND

**PLAINTIFF, GREGORY K. ZUK, REQUESTS A TRIAL BY JURY AS TO ALL COUNTS.**

Dated: September 30, 2014                    Respectfully submitted,

s/ *Elizabeth Smitherman Rivera, Esq.*
Elizabeth Smitherman Rivera, Esq. FBN:  0057330
Email: lsmitherman@gslawfl.com
GRIFFITHS & SMITHERMAN, P.L.
804 N. Olive Ave., First Floor
West Palm Beach, FL 33401
(561) 290-0386 Phone/Fax
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served on the above defendants via original service of process when Summons are issued.

        s/ *Elizabeth Smitherman Rivera, Esq.*
        Elizabeth Smitherman Rivera, Esq. FBN: 0057330
        Email: lsmitherman@gslawfl.com
        GRIFFITHS & SMITHERMAN, P.L.
        804 N. Olive Ave., First Floor
        West Palm Beach, FL 33401
        (561) 290-0386 Phone/Fax
        Attorney for Plaintiff

12

*Gregory K. Zuk v. Miami-Dade County, et al.   Complaint*