UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 14-23615-CIV- SCOLA/OTAZO-REYES

GREGORY K. ZUK,

    Plaintiff,

vs.

MIAMI-DADE COUNTY;
MIAMI-DADE COUNTY
POLICE DEPARTMENT;
JANET LEWIS,
;and STEPHANIE STOILOFF,

    Defendants.
_____/

**DEFENDANTS' MOTION AND MEMORANDUM OF LAW
TO DISMISS COMPLAINT**

    Defendants Miami-Dade County ("the County"), Miami-Dade Police Department, Janet Lewis ("Lewis"), and Stephanie Stoiloff ("Stoiloff"), by and through undersigned counsel, files this motion to dismiss the Complaint and state as follows:

    1.    Plaintiff sued Defendants in a two-count Complaint alleging discrimination under the Americans With Disabilities Act and the Florida Civil Rights Act.

    2.    Count I of the Complaint combines numerous allegations against all four defendants and alleges claims for discrimination, harassment, and retaliation under the Americans with Disabilities Act (ADA) all in one count. Count I merely lists all of these differing theories without even minimally alleging which constitute discrimination or harassment or retaliation. Count I also incorporates all 67 preceding paragraphs regardless of their topic or relevance often lumping all defendants together in all claims in Count I.

Case 1:14-cv-23615-RNS   Document 21   Entered on FLSD Docket 01/09/2015   Page 2 of 7

Zuk v. Miami-Dade County, et al.
Case No. 14-23615-Civ-Scola/Otazo-Reyes

3. Count II of the Complaint similarly combines numerous allegations against all four defendants and alleges claims for discrimination, harassment, and retaliation under the disability provisions of the Florida Civil Rights Act (FCRA) codified at Chapter 760 Florida Statutes. Similar to Count I, in Count II the Complaint merely lists all of these differing theories without even minimally alleging which constitute discrimination or harassment or retaliation. Again, similar to Count I, the Complaint also incorporates the same 67 preceding paragraphs in to Count II regardless of their topic or relevance often lumping all defendants together in all claims in Count I and Count II.

4. In the prayer for relief, the Complaint seeks prejudgment interest presumably against all defendants although it does not allege that. The prayer for relief also seeks punitive damages against Lewis and Stoiloff. *See* Complaint, pages 10-11. [DE 1].

## MEMORANDUM OF LAW

The Complaint must be dismissed under FRCP 12(b)(6) because it fails to state a claim against any of the Defendants and because the Complaint is also improperly plead in violation of FRCP 8 and 10 and the 11th Circuit's admonition against "shotgun pleadings."

**A.   The Complaint Must Be Dismissed Because the Police Department Is Not A Proper Defendant**

The Complaint must be dismissed because the Miami-Dade Police Department, which is a department of Miami-Dade County, is not a proper defendant for the same reason as the Court dismissed a complaint against another department of Miami-Dade County in *Cornwall v. Miami-Dade County,* No. 10-23561-CIV, 2011 WL 3878352 (S.D. Fla. August 31, 2011); *Masson v. Miami-Dade County*, 738 So.2d 431 (Fla. 3d DCA 1999)(finding that Miami-Dade Police Department is not a proper defendant).

.

Case 1:14-cv-23615-RNS   Document 21   Entered on FLSD Docket 01/09/2015   Page 3 of 7

Zuk v. Miami-Dade County, et al.
Case No. 14-23615-Civ-Scola/Otazo-Reyes

In *Cornwall* the complaint was filed against Miami-Dade County's Corrections and Rehabilitation Department. In this case, the Complaint is against another County Department, the Miami-Dade Police Department. As the Court held in *Cornwall,* a department of Miami-Dade County is not *sui juris* and cannot be sued. *Id*. Therefore, the Complaint against the Defendant the Miami-Dade Police Department must be dismissed.

**B.     The Complaint Must Be Dismissed
         Because The Individuals Are Not Proper Defendants**

The Complaint includes as Defendants two well-respected employees of the Miami-Dade County Police Department, Janet Lewis and Stephanie Stoiloff.

As a matter of law, Lewis and Stoiloff are not proper defendants in this employment discrimination action under the ADA and the FCRA and they must be dismissed. The Eleventh Circuit and the Southern District of Florida have clearly held that individual supervisors, like Lewis and Stolioff, are not proper defendants in discrimination claims under the ADA and the FCRA. *See Albra v. Advan, Inc.*, 490 F.3d 826, 831-834 (11th Cir. 2007 (no individual liability under ADA); *Huck v. Mega Nursing Services, Inc.*, 989 F.Supp. 1462, 1463-1465 (S.D. Fla. 1997)(dismissing individual defendants in ADA/FCRA case). Accordingly, the Complaint must be dismissed because Lewis and Stoiloff are improper defendants.

**C.     The Complaint Must Be Dismissed Because It Is Not Adequately Plead And
         Is An Impermissible Shotgun Pleading**

The Complaint in general and as to Defendant Miami-Dade County in particular must also be dismissed because it fails to comply with the most basic of pleading rules in FRCP 8 and 10. The Complaint merely makes conclusory allegations and does not allege even the most basic facts to demonstrate that he has a plausible claim under the ADA and the FCRA. Thus, the Complaint fails to comply with the Rule 8(a) requirement of a short and plain statement of the

3

Case 1:14-cv-23615-RNS Document 21 Entered on FLSD Docket 01/09/2015 Page 4 of 7

Zuk v. Miami-Dade County, et al.
Case No. 14-23615-Civ-Scola/Otazo-Reyes

facts. To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has clarified that the pleading standard of Rule 8 "'does demand "more than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed. 868 (2009)((*quoting Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 929 (2007)). More to the point, the court explained that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).

In this case, the Complaint fails to meet the minimum pleading standards in that it fails to set forth even the bare minimum of facts to establish the elements of an ADA or FCRA claim and in its current form it is vague about which Defendants are responsible for which conduct. The absence of sufficient factual allegations tied to the claim renders the Complaint deficient. And deficient pleadings should be dismissed. *See Washington v. Sprint Food Stores, Inc.*, 2010 WL 5463137 (N.D. Ga. Dec. 2, 2010)(dismissing Title VII claim for failure to meet basic pleading requirements of Rule 8)

The Complaint must also be dismissed because it is a "shotgun pleading" in that each count in the Complaint reincorporates all preceding paragraphs of the Complaint. Shotgun pleadings—pleadings in which each count incorporates all preceding paragraphs of the complaint, even though many of the facts alleged are irrelevant to the claim purportedly asserted—have been "roundly, repeatedly, and consistently condemn[ed]" by the Eleventh Circuit." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008).

**D.     The Demand For Punitive Damages And
        Prejudgment Interest Are Improper**

The Complaint also demands punitive damages and prejudgment interest which are not available in this case because governmental agencies such as Miami-Dade County and its employees are not subject to punitive damages or prejudgment interest under 42 U.S.C. §1981 a(b)(1) or the Florida Civil Rights Act, *Fla. Stat.* §760.11(5).

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and that they be awarded attorney's fees and any other relief the Court deems appropriate.

Respectfully submitted,

R. A. CUEVAS, JR.
MIAMI-DADE COUNTY ATTORNEY

By: *s/Eric A. Rodriguez*
   Eric A. Rodriguez
   Assistant County Attorney
   Florida Bar No. 970875
   Miami-Dade County Attorney's Office
   Stephen P. Clark Center
   111 N.W. 1st Street, Suite 2810
   Miami, Florida 33128
   Phone:   (305) 375-5151
   Fax:     (305) 375-5634
   **Email:**   **ear2@miamidade.gov**
   Counsel for Defendants

Zuk v. Miami-Dade County, et al.
Case No. 14-23615-Civ-Scola/Otazo-Reyes

## CERTIFICATE OF SERVICE

  I hereby certify that on January 9, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ *Eric A. Rodriguez*____
Eric A. Rodriguez

**Zuk v. Miami-Dade County, et al.**
**Case No. 14-23615-Civ-Scola/Otazo-Reyes**

## SERVICE LIST
GREGORY ZUK V. MIAMI-DADE COUNTY, et al.
CASE NO. 14-23615-CIV-SCOLA/OTAZO-REYES

Harry Winderman, Esq.
One Boca Place, Suite 218A
2255 Glades Road
Boca Raton, FL 33431
Telephone: (561)241-0332
Facsimile: (561)241-5266
Email: harry4334@hotmail.com

Attorney for Plaintiff
Service by CM/ECF

Eric A. Rodriguez
Assistant County Attorney
E-Mail: ear2@miamidade.gov
Miami-Dade County Attorney's Office
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128
Telephone: (305) 375-5151
Facsimile: (305) 375-5634

Attorney for Defendants
Filing Party/No Service